NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**12-442 consolidated with 12-535**


**ST. LANDRY PARISH SCHOOL BOARD**

**VERSUS**

**JIM DOUCET D/B/A JIM'S SAFE AND LOCK**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 11-C-5263-A
HONORABLE JAMES PAUL DOHERTY JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**


**Adam Gerard Caswell**
**Attorney at Law**
**P. O. Box 607**
**Eunice, LA 70535**
**(337) 457-7378**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
        **St. Landry Parish School Board**

**Jim Doucet**
**328 Daisy Lane**
**Opelousas, LA 70570**
**(337) 351-4817**
**In Proper Person**

**PICKETT, Judge.**

The defendant, Jim Doucet d/b/a Jim's Safe and Locks (Doucet) appeals a judgment of the trial court finding that he owed sales taxes and enjoining him from engaging in business in St. Landry Parish until such time as the sales taxes have been paid.

## STATEMENT OF THE CASE

The St. Landry Parish School Board, acting as the local collector of revenue, sent Doucet an assessment for sales taxes due in the amount of $88,000.00. Doucet had failed to file any returns indicating the amount of his sales, so the school board estimated taxes due in the amount of $1,500.00 per month pursuant to La.R.S. 47:337.28. Doucet, through his bookkeeper, contacted the school board and provided information about their sales, resulting in a revised assessment of $3,478.65 plus penalty and interest. Doucet, appearing at all time in this lawsuit in proper person, filed a peremptory exception of no cause of action, alleging that the school board failed to comply with the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. Doucet alleged the school board and its attorney violated this federal law by failing to provide the proper notice of indebtedness. Doucet also claimed that he had satisfied the debt owed to the taxing authority by presenting a promissory note for the full amount due. He also complained that the trial court was not a "common law court" and therefore had no jurisdiction to hear the matter. Following a hearing, the trial court denied the peremptory exception of no cause of action, found that Doucet had failed to pay sales taxes due and ordered Doucet to pay $5,573.04 in taxes, penalties, and interest and $557.30 in attorney fees. The trial court also ordered Doucet to cease and desist from doing business in St. Landry Parish until the delinquent tax, interest, penalties, attorney fees and costs

are paid in full. After the trial court made its ruling in open court, but before the judgment was signed, Doucet filed a "Consolidated Motion for Findings of Fact and Conclusions of Law and a New Trial Under Authority of Code of Civil Procedure Article 4907, 1762, 1773, and Memorandum in Support of a New Trial." The trial court denied that motion as premature, but further found there were no grounds for a new trial. After the trial court signed the judgment, Doucet filed further motions seeking to void the judgment and seeking to strike the affidavit of debt. Doucet also filed a premature notice of appeal before the motion for a new trial was filed, which was assigned docket number 12-442 in this court. After the trial court denied all of Doucet's post-judgment motions, Doucet filed another notice of appeal, which was assigned docket number 12-535 in this court. The appeals were consolidated, as they raise the same issues.

## ASSIGNMENTS OF ERROR

From our reading of Doucet's *pro se* brief, the issues raised in this appeal are as follows:

1. Doucet was denied the assistance of a paralegal at trial, which caused him to be "bamboozled by the Judge and his unfamiliar words and phrases."

2. The school board committed mail fraud by sending him an initial assessment of $88,000.00.

3. The school board failed to comply with the Fair Debt Collection Practices Act (FDCPA).

4. The promissory notes he tendered satisfy Doucet's obligation to the school board; and if they do not, it is impossible to satisfy the obligation because federal reserve notes (currency), money orders, or certified check are against public policy and Article I, Section 10 of the United States Constitution.

## DISCUSSION

We find no merit in any of Doucet's arguments, and the judgment of the trial court is affirmed. The trial court could not allow Doucet's paralegal, Mary Bertrand Daigle, to assist him at trial, as that would have amounted to allowing the

2

unauthorized practice of law. Our review of the transcript shows that the trial court was fair and patient with Doucet and his antics during the trial.

Throughout this saga, the school board has followed the law applicable to a collector of revenue, including all notice requirements. The law allows an estimate of assessment in the event a taxpayer fails to file a return. The school board later decreased the assessment when it received information from Doucet.

We likewise reject Doucet's argument that the school board's attorney was a debt collector required to follow the rules of the FDCPA. As the trial court correctly found, the debt at issue was not "primarily for personal, family, or household purposes," as required by 15 U.S.C. §1692(a)(5) for provisions of the FDCPA to apply.

We find that tender of a promissory note does not satisfy Doucet's obligation to collect and remit sales taxes. His arguments that currency or currency substitutes are void as against public policy are preposterous and unsupported by any relevant law. *See generally* 31 U.S.C. §5103 ("United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts.")

Finally, we note Doucet's brief contains language disrespectful of our court system and attorneys in general, and the trial court in particular. We urge Doucet to moderate his language in further filings before this or any other court.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against Jim Doucet.

**AFFIRMED.**